UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KATHEENA SONEEYA, * | |
| * | |
| Plaintiff, * | |
| * | |
| v. * | Civil Action No. 07-12325-JLT |
| * | |
| LUIS S. SPENCER, in his official capacity * | |
| as Commissioner of the Massachusetts * | |
| Department of Correction, * | |
| * | |
| Defendant. * | |

ORDER

March 29, 2012

TAURO, J.

After a bench trial held between January 30, and February 2, 2012, and for the reasons set forth in the accompanying Memorandum, this court hereby enters judgment in favor of Plaintiff as to Counts I and II, and for Defendant as to Count III. The court orders as follows:

1. The court enters a permanent injunction requiring Defendant to ensure that Plaintiff receives consistent and timely ongoing treatment for her gender identity disorder in accordance with the Standards of Care promulgated by the World Professional Association for Transgender Health and applicable community standards.

    a. Accordingly, Defendant must conduct an individualized evaluation of Plaintiff's medical needs, and prepare and implement a treatment plan that adequately treats Plaintiff's gender identity disorder. This treatment plan must be based on an individualized consideration of Plaintiff's medical

        needs, and must consider whether sex reassignment surgery or other treatments are medically indicated at this time. Necessary treatments, including psychotherapy and endocrine care, should be provided by medical providers with expertise in treating patients with gender identity disorder.

    b.    Defendant must conduct an individualized security review of treatment recommendations where such a review is necessary. Any security review of treatment recommendations must be timely, undertaken in good faith, and must provide articulable and justifiable reasons for any denial of medical care.

2.    The DOC's GID Policy, codified at 103 DOC 652.00 et seq. is unconstitutional in so far as it creates a blanket prohibition on certain methods of treatment for GID. The DOC must modify the policy so that there is no blanket ban, or so that exceptions to the policy may be made based on individual needs.

3.    Massachusetts has not waived its Eleventh Amendment immunity and consented to suit in Federal Court for claims alleging a denial of rights under Article 114 of the Amendments to the Massachusetts Constitution.

This case is CLOSED.

IT IS SO ORDERED.

                                                                          /s/ Joseph L. Tauro
                                                              United States District Judge