UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KATHEENA NEVIA SONEEYA, f/k/a Kenneth Hunt,<br><br>    Plaintiff,<br><br>v.<br><br>THOMAS A. TURCO III, in his official capacity as Commissioner of the Massachusetts Department of Correction,<br><br>    Defendant. | Civil Action No. 07-12325-DPW |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S RENEWED MOTION TO COMPEL COMPLIANCE WITH THE COURT'S MARCH 29, 2012 PERMANENT INJUNCTION AND MAY 12, 2014 ORDER, AND MOTION TO STRIKE**

Defendant, through counsel, opposes plaintiff's Renewed Motion to Compel Compliance with the Court's March 29, 2012 Permanent Injunction and May 12, 2014 Order, and moves to have the Motion stricken, pursuant to Fed. R. Civ. P., Rule 12(f). (Dckt. #286). As grounds thereof, defendant states that plaintiff's purpose in filing the "renewed" motion so close to trial is unclear. Either plaintiff is reiterating her previous motion, filed on November 2, 2017, which would be redundant and unnecessary, or plaintiff is now seeking new relief from this Court in the form of requesting that the Court order plaintiff either be given gender confirming surgery or be transferred to MCI-Framingham for one year, which request, filed on the eve of trial, is untimely and highly prejudicial to defendants.

The only issue before this court is whether defendant has complied with the Court's March 29, 2012 Permanent Injunction and the Court's May 12, 2014 Order. Neither the 2012 Permanent Injunction, nor the May 12, 2014 Order, require defendant to provide plaintiff with

gender confirming surgery or to have her transferred to MCI-Framingham.  A bench trial in this matter is scheduled to begin in less than two (2) weeks.  Requesting the Court to now order either remedy falls well outside of the scope of plaintiff's original Motion to Compel and should be denied.  Furthermore, Rule 12(f) of the Federal Rules of Civil Procedure states that the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  Fed. R. Civ. P., Rule 12(f).  Because plaintiff's Motion is, at best, redundant, it should be stricken.  Otherwise, it should be denied as seeking new relief on the eve of trial, which is untimely and highly prejudicial to defendant.

     WHEREFORE, defendant requests that plaintiff's Motion be stricken as redundant pursuant to Fed. R. Civ. P., Rule 12(f), or denied as untimely and highly prejudicial to defendant.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | /s/ Jennifer M. Staples_____ |
| Date:  March 26, 2019 | Jennifer M. Staples, BBO #631399 |
|  | Samuel Miller, BBO # 687587 |
|  | Department of Correction |
|  | Legal Division |
|  | 70 Franklin Street, Suite 600 |
|  | Boston, MA   02110-1300 |
|  | (617) 727-3300   ext. 1144 |
|  | Jennifer.Staples@DOC.State.MA.us |

### CERTIFICATE OF SERVICE

     I hereby certify that I did serve the above document upon counsel for Plaintiff through the Court's electronic filing system (ECF).

| | |
|---|---|
| Dated: March 26, 2019 | /s/Jennifer M. Staples_____ |
|  | Jennifer M. Staples, BBO # 631399 |