# EXHIBIT B

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| Katheena Nevia Soneeya, f/k/a Kenneth Hunt | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 07-12325-DPW |
| THOMAS A. TURCO III, in his official capacity as Commissioner of the Mass. Dep't of Correction | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Dr. Stephen Levine

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A.  Please produce responsive documents by no later than June 29, 2018 5:00 p.m.

| Place: Ropes & Gray LLP<br>Prudential Tower<br>800 Boylston St., Boston, MA 02199 | Date and Time:<br>06/29/2018 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/29/2018

*CLERK OF COURT*

OR  /s/ Hancock

_____        _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Katheena Nevia Soneeya, f/k/a Kenneth Hunt (Plaintiff)                 , who issues or requests this subpoena, are:
Anne Hancock, 800 Boylston Street, Boston, MA 02199, (617) 235-4036, annie.hancock@ropesgray.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 07-12325-DPW

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KATHEENA NEVIA SONEEYA, f/k/a Kenneth Hunt,<br><br>    Plaintiff,<br><br>v.<br><br>THOMAS A. TURCO III, in his official capacity as Commissioner of the Massachusetts Department of Correction,<br><br>    Defendant. | Civil Action No. 07-12325-DPW |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS FROM
STEPHEN B. LEVINE**

Pursuant to Rules 34 and 45 of the Federal Rules of Civil Procedure and Local Rules 34.1 and 26.6(b) of United States District Court for the District of Massachusetts, Plaintiff Katheena Nevia Soneeya ("Ms. Soneeya" or "Plaintiff") requests and demands that Dr. Stephen B. Levine produce copies of all documents in accordance with the Definitions and Instructions set forth in the attached Schedule A in the possession, custody, or control of Dr. Stephen B. Levine to the offices of Ropes & Gray LLP, Prudential Tower, 800 Boylston Street, Boston, Massachusetts, 02119-3600 within thirty (30) days from the date of these requests, or at such other time and place as may be agreed upon among counsel.

Dated: May 29, 2018                       Respectfully submitted,

                                                      */s/ Anne F. Hancock*
                                                      Anne F. Hancock (BBO # 691884)
                                                      Nicole G. White (BBO# 690924)

## SCHEDULE A

### INSTRUCTIONS

The following instructions apply to these Requests:

1. If, in responding to these Requests for Production, the responding party encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

2. Whenever in these Requests you are asked to identify or produce a document which is deemed by you to be properly withheld from production for inspection or copying:

    a. If you are withholding the document under claim of privilege or any other claim (including, but not limited to, doctor patient relationship and the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5) including the type of document, the general subject matter of the document, the date of the document, and such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable this party to assess the applicability of the privilege or protection claimed by you;

    b. If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery or that a request is unduly burdensome, identify as to each document and, in addition to the information requested in ¶2.a, above, please state the reason for withholding the document.

3. When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

4. It is intended that these Requests will not solicit any material protected either by the attorney/client privilege or by the work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. If any Request is susceptible of a construction which calls for the production of such material, that material need not be provided and no privilege log pursuant to Fed. R. Civ. P. 26(b)(5) will be required as to such material.

5. If production of any requested document(s) is objected to on the grounds that production is unduly burdensome, describe the burden or expense of the proposed discovery.

6. If the requested documents are maintained in a file, the file folder is included in the request.

7. A request for any document includes all actual, proposed, or contemplated envelopes, transmittal sheets, cover letters, exhibits, enclosures or attachments to the document, in addition to the document itself.

8. A request for any document includes all actual, proposed, or contemplated drafts or mark-ups, all revisions, modifications or amendments, and all non-identical copies, in addition to the document itself.

9. Color copies should be produced where color is necessary to understand or interpret the document.

10. If no documents exist that are responsive to a particular request, that should be so stated in the response.

11. These discovery requests are continuing in nature and production must be supplemented in accordance with Rule 26 of the Federal Rules of Civil Procedure.

12. If any of these Requests for Production are claimed to be objectionable, then:

    a. That portion of such Request for Production claimed to be objectionable shall be identified and the nature and basis of the objection shall be stated with sufficient particularity and in sufficient detail to permit the Court to adjudicate the validity of the objection;

    b. Any information withheld from production pursuant to such objection shall be identified with sufficient particularity and in sufficient detail to permit the court to determine that the information falls within the scope of such objection; and

    c. An answer shall be given to so much of each such Requests for Production as is not claimed to be objectionable.

13. If any information or identification responsive to any of the Requests for Production is claimed to be privileged or otherwise protected from discovery in whole or in part, then the defendant shall:

    a. State the basis on which defendant asserts a claim of privilege or other reason for withholding the information requested;

    b. Identify each person known to plaintiff who have or had access to, now or at any other time, the information requested;

      c.      State the portion of the Request for Production to which the information relates; and

      d.      State whether the information withheld includes any matter that is not privileged or not work product.

14. Each discovery request shall be answered in accordance with Rule 34.1 of the Local Rules of the United States District Court for the District of Massachusetts.

15. Unless otherwise specified, all Requests cover the date range from January 1, 2016 to the present.

## DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in these Requests for Production is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1. "Communication," as set forth in Local Rule 26.5, means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

2. "Concerning," as set forth in Local Rule 26.5, means referring to, describing, evidencing, or constituting.

3. "DOC" means the Massachusetts Department of Correction and any of its agents, representatives, employees and attorneys.

4. "Document" shall have the broadest meaning permitted under the Federal Rules of Civil Procedure and shall include, without limitation, all Communications that are in written, visual, tangible, paper, or electronic form or that have been memorialized, saved, recorded, or stored by any means; and shall include all originals (both sides thereof), copies, non-identical copies (whether different from the original because of underlining, editing marks, notes made on or attached to such copy, or otherwise), and drafts of the following items, whether printed or

recorded (through a sound, video, or other electronic, magnetic, or digital recording system) or reproduced by hand, as well as all materials underlying, supporting, or used in the preparation of the following items: Any designated documents or electronically stored information — including writings, drawings, graphs, charts, photographs, sound recordings, images, other data or data compilations, letters, correspondence, telegrams, telexes, facsimile transmissions, memoranda, records, summaries of personal conversations or interviews, notes, financial or statistical statements or compilations, contracts, agreements, analyses, pictures, films, plans, tape recordings, videotapes, disks, diskettes, web-sites, email and other electronically transmitted messages, text messages, chat or communicator transmissions, voicemail messages, interoffice Communications, and any other writings, papers or tangible things of whatever description — stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, however produced or reproduced, whether an original or a duplicate, whatever its origin or location, and regardless of the form in which such information exists or is maintained.

5. "Document" shall also include, but is not limited to, any "Electronically Stored Information" or "ESI" – including (a) information on or in computer memory and (b) information on or in computer or network backup files – and any metadata associated with any ESI. A draft or non-identical copy is a separate Document within the meaning of these terms.

6. "GD Treatment Committee" refers to the GD Treatment Committee described in the DOC's Status Report, dated May 2, 2016 [ECF No. 213], and includes You, all current and former members thereof, and all persons present at any GD Treatment Committee meeting, including any employees or representatives of the DOC.

7. "Massachusetts Partnership for Correctional Health" or "MPCH" means Massachusetts Partnership for Correctional Health and any of its agents, representatives, employees and attorneys.

8. "Medical Care" means any and all medical, psychological, psychiatric or other treatment, therapy, medicine or course of care that is provided, prescribed or otherwise recommended for any physical need, mental health need, or general well-being, by DOC or third parties including but not limited to appointments, consultations, examinations, medical procedures, surgeries, counseling, meetings, therapy, psychiatric treatments, and any and all prescribed or dispensed medicines of any kind including, but not limited to, hormones and psychotropic drugs.

9. "Person," as set forth in Local Rule 26.5, is defined as any natural person or any business, legal, or governmental entity or association.

10. The terms "Plaintiff" and "Defendant," as set forth in Local Rule 26.5, as well as a party's full or abbreviated name or a pronoun referring to a party, mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

11. "Referring To" and "Relating To" shall be construed in their broadest sense to require information or documents which constitute, concern, comprise, pertain to, mention, explain, evidence, describe, refer to (directly or indirectly), relate to (directly or indirectly), reflect, comment upon, summarize, discuss, embody, comment upon, identify, incorporate, constitute, memorialize, or are otherwise pertinent to the subject of the production requests or any aspect thereof, including third party documents and communications.

12. To bring within the scope of these document requests any and all information which might otherwise be construed to be outside of their scope:

    a. The present tense includes the past and future tenses;

    b. The singular includes the plural, and the plural includes the singular;

    c. "All" and "Any" mean "any and all;"

    d. "Each" and "Every" mean "each and every;"

    e. "Including" means "including but not limited to;"

    f. "And" and "Or" encompass both "and" and "or;" and

    g. Words in the masculine, feminine or neuter form shall include each of the other genders.

13. "You" and "Your" mean the person responding to these Requests, and any of its, his, or her respective agents, assigns, representatives, attorneys, advisors and other persons acting or purporting to act for or on its, his, or her behalf.

14. Unless otherwise defined, words and phrases used in these Requests shall be given their ordinary and accustomed meaning.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1**

All Documents and Communications, including without limitation Communications with the DOC concerning or relating to the evaluation of Ms. Soneeya conducted by Dr. Randi Ettner on March 22, 2016 and Dr. Ettner's subsequent report and recommendation regarding Ms. Soneeya's treatment plan, dated April 4, 2016, including without limitation Documents and Communications related to the review conducted by You and/or MPCH in or around April 2016, as referenced in the DOC's status report, dated May 2, 2016 [Dkt. No. 213].

**REQUEST NO. 2**

9

All Documents and Communications, including without limitation any notes, reports, and any drafts or mark-ups thereof, concerning or relating to Your and/or the GD Treatment Committee's evaluation of Ms. Soneeya conducted on December 5, 2017 (the "December 5 Evaluation") and the subsequent report and recommendation released on or around January 12, 2018 (the "January 12 Report").

**REQUEST NO. 3**

All Documents relied upon or considered by You and/or the GD Treatment Committee in conducting the December 5 Evaluation and in drafting and/or developing the January 12 Report, including without limitation the recommendation that Ms. Soneeya be transferred to MCI-Framingham for a period of one year.

**REQUEST NO. 4**

All Documents and Communications concerning or relating to any meetings or calls held by the GD Treatment Committee regarding Ms. Soneeya's Medical Care from January 1, 2016 to the present, including without limitation any notes relating thereto and all Communications with any person present at the meetings relating thereto.

**REQUEST NO. 5**

All Documents and Communications concerning or relating to the security review reports issued by the DOC on February 14, 2018 and April 24, 2018 (the "Security Reports"), including without limitation the DOC's denial of Ms. Soneeya's transfer to MCI-Framingham and the DOC's request to consider treatment alternatives.

**REQUEST NO. 6**

All Documents and Communications, including without limitation any notes, reports, and any drafts or mark-ups thereof, concerning or relating to the report and recommendation issued by You and/or the GD Treatment Committee on April 13, 2018 (the "April 13 Report"), including

without limitation any Documents relating to the meeting of the GD Treatment Committee on March 16, 2018 at which the Security Reports were discussed.

**REQUEST NO. 7**

All Documents relied upon or considered by You and/or the GD Treatment Committee in drafting and/or developing the April 13 Report.

## **CERTIFICATE OF SERVICE**

    I hereby certify that true copies of the above documents were served upon the attorneys of record by electronic mail on May 30, 2018.

                                              /s/ *Anne F. Hancock*
                                              Anne F. Hancock