**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 18-cv-11838-ADB

MICHELLE LYNNE KOSILEK
   Plaintiff
v.

THOMAS A. TURCO, III
   Defendant

## DEFENDANT'S STATUS REPORT

Defendant, through counsel, respectfully submits the following Status Report, pursuant to this Court's Order on May 17, 2021. In its Order, the Court requested an update of the status of the case as well as a response to plaintiff's Settlement Demand and an indication of when, or if, a dispositive motion would be filed.

The plaintiff and counsel for defendants conferred regarding this Status Report, via telephone, on Tuesday, May 25, 2021. Counsel informed plaintiff during this call, that her surgery has been scheduled for "a date before the winter." Plaintiff understood that, due to security reasons, counsel could not be more specific regarding the date.

With respect to plaintiff's Settlement Demand, the parties do not agree to settlement at this time. However, there was discussion regarding plaintiff's demands. Among her demands, plaintiff seeks to be "... returned to her room after being discharged from Boston Medical Center after her surgery, with a consideration by BMC staff to possibly hold Plaintiff a bit longer if skilled nursing care will be required post-op. After that, Plaintiff's room is in the same building that houses medical staff in case they need to follow up." See, Pltf's Motion for Settlement. Counsel explained to plaintiff that this is not a decision made by DOC. Any decisions regarding the duration and/or nature of plaintiff's

1

post-operative care would be made by her physicians at BMC and by the Wellpath physicians at MCI-Framingham.

Plaintiff's second demand is that the defendant agree to stop making transgender prisoners wait months or years before being provided with treatment, and agree to allow those who don't want to transfer to the women's prison to have appropriate surgical interventions. See, <u>Pltf's Motion for Settlement</u>. Counsel explained to plaintiff that the Department of Correction would not make these decisions. The Department would rely upon the clinical judgment of a particular inmate's medical and mental health providers for decisions regarding treatment. Plaintiff also requests to be allowed to bring paper and pens and a form for the doctor to fill out regarding changing her birth certificate, with her to the hospital. Counsel is currently inquiring whether this will be allowed. With respect to payment of expenses, including filing fees, the parties have not agreed.

Defendant does intend on filing a motion for summary judgment in this action. However, the plaintiff would prefer, and defendant has agreed, that the date for that motion be filed would occur after plaintiff's surgery.

Dated: May 27, 2021

                                        Respectfully submitted,
                                        NANCY ANKERS WHITE
                                        Special Asst. Attorney General

                                        /s/ *Mary Eiro-Bartevyan*
                                        Mary Eiro-Bartevyan, BBO# 558970
                                        Department of Correction Legal Division
                                        70 Franklin Street, Suite 600
                                        Boston, Massachusetts 02110
                                        (617) 727-3300, Ext. 1115
                                        Mary.Bartevyan@DOC.state.ma.us

## CERTIFICATE OF SERVICE

I, Mary Eiro-Bartevyan, counsel for defendant, hereby certify that on May 27, 2021, I served a copy of the forgoing document on the plaintiff, by first class mail, postage prepaid, to her address below, and on all other parties through the Court's electronic filing system (ECF).

Michelle Lynne Kosilek, <u>Pro</u> <u>Se</u>
99 Loring Drive
Framingham, MA  01702

Dated: 5/27/2021 　　　　　　　　　　　　/s/ *Mary Eiro-Bartevyan*
　　　　　　　　　　　　　　　　　　　　　Mary Eiro-Bartevyan

3