

ROPES & GRAY LLP
PRUDENTIAL TOWER
800 BOYLSTON STREET
BOSTON, MA 02199-3600
WWW.ROPESGRAY.COM

July 31, 2023

Patrick T. Roath
T +1 617 235 4674
patrick.roath@ropesgray.com

**BY ECF**

The Honorable Douglas P. Woodlock
United States District Court, District of Massachusetts
1 Courthouse Way, Boston, MA 02210

Re:   *Soneeya v. Mici*, No. 07-12325

Your Honor,

We represent the plaintiff, Katheena Soneeya, in the above-referenced action. As you know, Ms. Soneeya has been engaged in decades-long litigation with the Massachusetts Department of Correction ("DOC") regarding her Constitutional entitlement to access to medical care and accommodation for her gender dysphoria.

We write with the utmost urgency to renew our March 15, 2023 request that the Court order relief consistent with its statements from the bench at the October 19, 2022 status conference. *See* Dkt. 436 (appending Proposed Form of Order). Above all else, counsel to Ms. Soneeya urges the Court to issue an order adjudicating Ms. Soneeya's claim, for the benefit of the parties and the rule of law.

Pending before the Court is a 2017 motion to compel the DOC to comply with a merits order issued in 2012 and subsequent order resolving a 2014 motion to compel the DOC's compliance with that 2012 order. *See* Dkt. 222. The 2017 motion has been pending for more than six years, and has been ripe for a decision for at least three years. The Court held a week-long evidentiary hearing that began in April 2019, over four years ago. Closing arguments occurred on May 14, 2020, and post-trial submissions were submitted on May 26, 2020, over three years ago.

Most recently, in October 2022, the Court indicated that it was prepared to issue an order granting Ms. Soneeya her requested relief if the DOC was unwilling to settle.[1] In November 2022, the parties informed the Court that the DOC was unwilling to engage in settlement discussions, preferring to "wait to receive the decision after trial from the Court." Dkt. 425.

---

[1] At that hearing, the Court stated that it did not "think that [an order] is the best way to resolve something like this" and ordered counsel to the DOC to discuss with Commissioner Mici whether she would consider a negotiated settlement. Dkt. 426, October 2022 Hearing Tr. at 12:25-13:1. The Court stated: "And if you say nothing is going to happen until you order something to happen, I understand that position, and [counsel to the Plaintiff] will undoubtedly have a position of his own with respect to that, which may be, yes, give them an order." *Id.* at 12:19-23.

ROPES & GRAY LLP

- 2 -                                                                                                  July 31, 2023

We respectfully submit that the profound delay in a ruling from this Court has caused and continues to cause great harm to Ms. Soneeya. As detailed in multiple submissions, Ms. Soneeya, a male to female transgender woman, remains incarcerated in a male facility. Medical records filed with this Court in the past six months establish that Ms. Soneeya has repeatedly expressed the desire to "end her own life" absent relief and "continues to await the [Judge's] decision regarding transfer to a female facility and remains hopeful for this, although at times acknowledged feeling discouraged." *See* Dkt. 436. Put simply, our client experiences extreme despair resulting not only from the Constitutionally inadequate care she is receiving, but also from the failure of her Constitutional claim for relief to be adjudicated in full.

As previously stated, *see* Dkt. 436, we respectfully suggest that the lack of a Court order resolving the pending 2017 motion to compel constitutes a failure to exercise jurisdiction over this matter and an actionable basis for emergency appellate relief. Given the sixteen years that have now passed since Ms. Soneeya first filed her claim in 2007 and the lack of relief she has experienced despite repeated favorable Constitutional findings from this Court, the need for a final adjudication in this action is acute.

We feel duty-bound to urge the Court to promptly issue an order resolving Ms. Soneeya's claim in a manner that can be acted upon by the parties and, if necessary, appealed. In the absence of a prompt ruling, we respectfully inform the Court that Ms. Soneeya intends to seek emergency appellate relief. We thank the Court for attention to this matter.

Very truly yours,

*/s/ Patrick T. Roath*


cc:     Sara A. Bellin, Ropes & Gray LLP
        ECF Counsel of Record